IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RODOLFO MONTOYA-FLORES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br>Civil Case No. 2:09-CV-891 TS<br><br>Criminal Case No. 2:07-CR-572 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1] Case No. 2:09-CV-891 TS, Docket No. 1.

1

## I. BACKGROUND

Petitioner was indicted, on August 30, 2007, on one count of conspiracy to distribute one kilogram or more of heroin and on one count of possession with intent to distribute heroin.[2] On May 22, 2008, Petitioner pleaded guilty to the conspiracy count.[3] Petitioner was sentenced, on February 25, 2009, to 262 months imprisonment.[4] Judgment was entered the following day.[5] Petitioner did not pursue direct appeal. Petitioner timely filed the instant Motion on October 1, 2009.[6]

## II. DISCUSSION

A.    WAIVER

Petitioner's plea agreement contained the following language:

> (2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above, and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

---

[2] Case No. 2:07-CR-572 TS, Docket No. 1.

[3] Case No. 2:07-CR-572 TS, Docket No. 237.

[4] Case No. 2:07-CR-572 TS, Docket No. 545.

[5] Case No. 2:07-CR-572 TS, Docket No. 546.

[6] Case No. 2:09-CV-891 TS, Docket No. 1.

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[7]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[8] In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[9]

1. *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[10]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language.

---

[7] Case No. 2:07-CR-572 TS, Docket No. 238.

[8] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[9] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[10] Case No. 2:07-CR-572 TS, Docket No. 238.

The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[11] Petitioner's Motion generally alleges ineffective assistance of counsel. However, his ineffective assistance claim does not challenge the validity of the plea or the waiver. Therefore, the exception stated in *Cockerham* does not apply and Petitioner's claim is within the scope of the waiver.

2. *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[12] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[13] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[14] Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general*

---

[11]*Cockerham*, 237 F.3d at 1187.

[12]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[13]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[14]*Id*. (internal citations omitted).

4

in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[15]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "Fully understanding my limited right to appeal my sentence . . . I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[16]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner. The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[17] The Court finds that an adequate Rule 11 colloquy was conducted here.[18]

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No one has made threats, promises, or representations to me that have caused me to plead guilty. . . . I have discussed this case and this

---

[15]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[16]Case No. 2:07-CR-572 TS, Docket No. 238.

[17]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[18]Case No. 2:07-CR-572 TS, Docket No. 237.

plea with my lawyers as much as I wish, and I have no additional questions. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of drugs, medication, or intoxicants. I have no mental reservations concerning the plea."[19]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3. *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[20]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[21]

Petitioner bears the burden of establishing a miscarriage of justice.[22]

---

[19] Case No. 2:07-CR-572 TS, Docket No. 238.

[20] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

[21] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[22] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

First, there is no evidence that the Court relied upon an impermissible factor.  Second, Petitioner raises an ineffective assistance of counsel claim, but does not allege ineffective assistance in connection with the negotiation of the waiver.  Third, the sentence issued here did not exceed the statutory maximum.  Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice.  Therefore, this Court will enforce Petitioner's waiver.

B.     PROCEDURAL BAR

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[23] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[24]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[25]

---

[23] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[24] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[25] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

All claims presented in the instant § 2255 Motion, with the exception of Petitioner's ineffective assistance claim, could have been, but were not, raised on direct appeal. Therefore, these claims are procedurally barred and can only be considered if Petitioner can establish cause and prejudice or a fundamental miscarriage of justice.

Petitioner makes the conclusory allegation that he did not raise the issues in the instant Motion on appeal because he had no control or contact with his counsel. Construing this allegation liberally, it could be considered a claim for ineffective assistance of counsel.

Ineffective assistance of counsel can constitute cause for a procedural default.[26] The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[27]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[28] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[29] Second, he must show that Counsel's deficient functioning prejudiced

---

[26]*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[27]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[28]*Strickland*, 466 U.S. at 687.

[29]*Id*.

8

Petitioner's defense.[30]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[31]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[32]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[33]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[34]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[35]

Petitioner has not met his heavy burden here.  "When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue.  If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."[36]  As will be discussed below, each of Petitioner's claims are without

---

[30]*Id.*

[31]*Id.*

[32]*Id.*

[33]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[34]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[35]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[36]*United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (citation omitted).

merit. Therefore, his counsel was not ineffective for not raising them. As a result, Petitioner has not shown cause or prejudice and his claims, with the exception of his ineffective assistance claim, are procedurally barred.

C. MERITS

   *1. Disparity*

Petitioner complains of a disparity between his sentence of that of his co-Defendants. A district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[37] "However, the purpose of the guidelines is to 'eliminate unwarranted disparities [in sentencing] nationwide,' not to eliminate disparity between co-defendants."[38] Thus, "'the mere fact of a difference between the applicable guideline range for a defendant [and] that of his co-defendant would [not] permit a departure, either because the difference was too large or too small.'"[39] Sentencing disparities are permitted "'where the disparity is explicable by the facts on the record.'"[40]

The facts on the record justify the differences between Petitioner's sentence and those of his co-Defendants. As stated, Petitioner was sentenced to 262 months. His co-Defendants received a variety of sentences ranging from 33 to 240 months. Petitioner, unlike his co-

---

[37] 18 U.S.C. § 3553(a)(6).

[38] *United States v. Gallegos*, 129 F.3d 1140, 1143 (10th Cir.1997) (quoting *United States v. Garza*, 1 F.3d 1098, 1100 (10th Cir.1993)) (brackets in original).

[39] *Id*. (quoting *Garza*, 1 F.3d at 1100).

[40] *Garza*, 1 F.3d at 1101 (quoting *United States v. Goddard*, 929 F.2d 546, 550 (10th Cir.1991)).

10

Defendants, was found to be a career offender. Further, Petitioner admitted to being responsible for a total of 1125 grams of heroin. Any disparity between his sentence and that of his co-Defendants was based on the amount of narcotics Petitioner admitted to distributing and his significant criminal history. Therefore, there is no unwarranted disparity here and Petitioner's argument on this point must be rejected.

2. *Apprendi*

Petitioner argues that the Court's finding of the drug quantity involved in this case violated *Apprendi v. New Jersey*.[41] This argument is without merit because Petitioner, in his Statement by Defendant in Advance of Plea of Guilty, admitted that he was responsible for a total of 1125 grams of heroin. This admission satisfies *Apprendi*.[42]

3. *Ineffective Assistance*

Petitioner also makes a general ineffective assistance argument. The standard for an ineffective assistance claim is set forth above. Having reviewed Petitioner's Motion and the record in this case, the Court finds that Petitioner has failed to meet his burden.

III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:09-CV-891 TS) is DENIED for the reasons set forth above. It is further

---

[41] 530 U.S. 466 (2000).

[42] *See United States v. Bowlin*, 534 F.3d 654, 662-63 (7th Cir. 2008).

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 3 in Case No. 2:09-CV-891 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-891 TS forthwith.

SO ORDERED.

DATED   August 30, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge